**Janet JACKSON and Delois Evans, Plaintiffs,**

v.

**MOTEL 6 MULTIPURPOSE, INC., Motel 6, G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., d/b/a Motel 6, and Accor, S.A., Defendants.**

**Case No. 96–72–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

July 1, 1996.

---

Michael J. Pucillo, Burt & Pucillo, West Palm Beach, FL, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, C. Oliver Burt, III, Burt & Pucillo, West Palm Beach, FL, Theodore J. Leopold, Edward M. Ricci, Ricci, Hubbard & Leopold, P.A., West Palm Beach, FL, for plaintiffs.

Charles Alvin Wachter, John William Robinson, IV, Edward Martin Waller, Jr., Katherine C. Lake, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Gregory M. Palmer, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, FL, William O. Bittman, Michael F. Marino, John R. Erickson, Reed, Smith, Shaw & McClay, Washington, DC, for defendants.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendants Motel 6 Multipurpose, Inc., Motel 6, G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., d/b/a Motel 6, and Accor S.A.'s Motion to Dismiss Plaintiffs' Complaint (Dkt. # 8–9) and response thereto (Dkt. # 16).

### BACKGROUND

Plaintiffs, Janet Jackson (hereinafter "Jackson") and Delois Evans (hereinafter "Evans"), allege that Defendants, Motel 6 Multipurpose, Inc., Motel 6, G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., d/b/a Motel 6, and Accor S.A. (collectively "Motel 6"), have, as to Count I, "denied Plaintiffs ... the same right to make and enforce contracts and to the full and equal benefit of all laws and proceedings as are enjoyed by white citizens of the United States in violation of 42 U.S.C. § 1981." Complaint ¶ 29. Plaintiffs Jackson and Evans also allege, as to Count II, that Defendants Motel 6 "denied Plaintiffs ... the full and equal enjoyment of their goods, services, facilities, privileges, advantages and accommodations on the basis of race, color, religion or national origin in violation of 42 U.S.C. § 2000a, *et. seq.* Complaint ¶ 33.

Defendants, Motel 6, request dismissal as to Count II of Plaintiffs' Complaint, claiming that "Plaintiffs have failed to satisfy the constitutional prerequisites for standing and ... standards for injunctive relief." Defendants' Motion at 1. Defendants have also filed a Motion for Consolidation, requesting that *Petaccia v. Motel 6, G.P.,* No. 96–115–CIV–FTM–25D, be consolidated with this cause of action. In addition, Defendants have filed a

Motion for Class Certification, which is not a subject of this Order. This Court cautions both parties that misrepresentation of the law in papers filed with the court may be sanctionable conduct.

## FACTS

The pertinent facts, as contained in Plaintiffs' Complaint (Dkt. # 1), are as follows:

Plaintiffs, Jackson and Evans, are African–Americans. Both are employed as law enforcement officers by Palm Beach County, Florida. On March 2, 1994, Plaintiffs drove to Punta Gorda, Florida, to assist Charlotte County law enforcement authorities with a homicide investigation. Plaintiffs arrived in Punta Gorda at approximately 11:30 a.m., at which time their contact at the Charlotte County Sheriff's Department ("Department") advised Plaintiffs to obtain a room at the nearby Punta Gorda Motel 6. Plaintiffs were told that someone from the Department would meet them at Motel 6 for a briefing on their assignment.

Plaintiffs then met detectives from the Charlotte County Sheriff's Department at the Punta Gorda Motel 6. Plaintiffs allege the detectives went into the motel and, upon exiting, informed Plaintiffs that a room would be available for them at 1:00 p.m. Plaintiffs returned to the Motel 6 at about 1:00 p.m. Plaintiffs allege that, after filling out a room registration form given to them by a desk clerk, another clerk advised Plaintiffs that there were no rooms available. Plaintiffs then returned to their car.

Approximately one-half hour later, the detectives from the Charlotte County Sheriff's Office returned to the Motel 6. Plaintiffs then explained to the detectives that they had been denied a room. Plaintiffs allege that one of the detectives, who is white, then entered the Motel 6 and "promptly obtained a room for that night." Complaint ¶ 12. Plaintiffs also allege that, later that same afternoon, Evans returned to the motel and again requested a room. Plaintiffs allege that a Motel 6 employee denied Evans a room.

Plaintiffs further allege that Motel 6 maintains a policy of racial discrimination that is implemented by denying accommodations to African–Americans, inflating price quotations to African–Americans, and designating African–Americans to the least desirable rooms. In addition, Plaintiffs allege that, "acting within their scope of employment and upon instructions of [Motel 6's] senior management," Motel 6 employees have carried out this discrimination throughout the United States. Complaint ¶ 17.

As a proximate result of Motel 6, their agents' and employees' actions, Plaintiffs allege past and continuing loss and injury, for which they seek compensatory damages. Plaintiffs also seek punitive damages, alleging that "Defendants acted intentionally and maliciously with reckless disregard for Plaintiffs' ... federally protected rights." Complaint ¶ 19. In addition, Plaintiffs seek injunctive relief because "Defendants' actions interfered with Plaintiffs' ... right to enjoy accommodations without discrimination on the basis of race." Complaint ¶ 20.

## STANDARD OF REVIEW

A complaint should not be dismissed "for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Pursuant to *Steele v. National Firearms Act Branch,* 755 F.2d 1410, 1414 (11th Cir.1985) (citing *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975)), "[i]f a defendant moves to dismiss a complaint for lack of standing, a court must accept as true all of the plaintiff's material allegations."

## DISCUSSION

Defendants, Motel 6, seek to dismiss Count II of Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. Defendants argue that there is no case or controversy pursuant to Article III of the United States Constitution. Plaintiffs', however, claim that they "have satisfied the minimum constitutional requirements to establish standing" under Article III. Plaintiffs' Response at 3.

■ Pursuant to Article III, the United States Constitution restricts the power of the federal courts to adjudicate cases absent "case or controversy." *Steele v. National Firearms Act Branch*, 755 F.2d 1410, 1413 (11th Cir.1985). To have standing, a plaintiff must allege an "actual or threatened injury at the hands of the defendant," *Id.* at 1414 (citing *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979)), which is "fairly traceable to the allegedly unlawful conduct," *Id.* (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978)), and which is "likely to be redressed by the requested relief." *Id.* (citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976)).

Defendants do not argue that Plaintiffs have failed to allege facts sufficient to meet either the fairly traceable or redressability requirement. Rather, Defendants argue that Plaintiffs have failed to allege future injury, such that "Plaintiffs have failed to satisfy constitutional prerequisites for standing and ... standards for injunctive relief." Defendants' Response at 2.

However, Plaintiffs argue that, pursuant to 42 U.S.C. § 2000a–3, their right to seek injunctive relief is statutory. In addition, Plaintiffs argue that they need not allege an intent to return to Motel 6 to acquire standing to seek injunctive relief.

### I. *Plaintiffs Have Article III Standing to Bring Suit Under 42 U.S.C. § 2000a, et. seq.*

■ In *Havens Realty Corp., v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), the Court held that, under section 804 of the Fair Housing Act of 1964, 42 U.S.C. § 3604, "testers" expressly had standing to sue for discriminatory housing practices. The "testers" attempted to rent or purchase housing in an effort to collect evidence against unlawful housing practices. *Id.* at 373, 102 S.Ct. at 1121. The Court recognized that "[the] actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Havens Realty*,

455 U.S. at 373, 102 S.Ct. at 1121 (quoting *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, n. 3, 93 S.Ct. 1146, 1148, n. 3, 35 L.Ed.2d 536 (1973))). Thus, because Congress explicitly "conferred on all 'persons' a legal right to truthful information about available housing, ... a tester who has been the object of" conduct in violation of section 804 "has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions." *Havens Realty*, 455 U.S. at 373–74, 102 S.Ct. at 1121–22.

Plaintiffs, with respect to Count II of their Complaint, have alleged that Defendants' actions violated 42 U.S.C. § 2000a, *et. seq.*, which prohibits discrimination or segregation in places of public accommodation. This statute states, in pertinent part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a (1992). Defendants are a place of public accommodation as defined in this section. 42 U.S.C. § 2000a(b)(1) (1992). Further, pursuant to the United States Code:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 2000a or 2000a–1 of this title.

42 U.S.C. § 2000a–2 (1988).

Plaintiffs have alleged that Motel 6 discriminated against them "on the basis of their race by denying them full and equal enjoyment of a place of public accommodation on the ground of race." Complaint ¶ 14. Such allegation supports a denial of Plaintiffs' right to equal access of a public accommodation. Thus, Plaintiffs' Complaint alleges facts sufficient to establish injury pursuant to 42 U.S.C. § 2000a, *et. seq.*, such that Plaintiffs have standing to bring a cause of action under this section.

Further, 42 U.S.C. § 2000a–3 provides, in pertinent part:

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved....

42 U.S.C. 2000a–3 (1988). Therefore, to establish this statutory right to seek injunctive relief, Plaintiffs must allege facts sufficient to establish that someone has or will engage in an act prohibited under section 2000a, and that Plaintiffs are aggrieved.

Plaintiffs allege that Motel 6 discriminated against them on the basis of race by denying them equal access to a place of public accommodation. This allegation supports both Plaintiffs' injury and Defendants' past conduct in violation of section 2000a. Further, Plaintiffs allege that "Motel 6 has a nationwide policy of discrimination against African–Americans in affording public accommodations throughout the United States." Complaint ¶ 15. Plaintiffs also allege that employees and agents of Motel 6 have been carrying out this policy while "acting within the scope of their employment and upon the instructions of [Motel 6's] senior management." Complaint ¶ 17. If true, such allegations support a reasonable belief that Defendant will again engage in conduct prohibited by this section.

Thus, Plaintiffs have alleged facts sufficient to establish both past and possible future violation of this section by Motel 6, and that they are the aggrieved parties. Plaintiffs have met the statutory requirements to seek injunctive relief in this action. Plaintiffs have also alleged facts sufficient to establish their sufferance of the type of injury which 42 U.S.C. 2000a, *et. seq.*, was established to protect.

## II. *Plaintiffs Have Alleged Facts Sufficient to Establish Standing to Seek Injunctive Relief.*

Defendants argue that Plaintiffs must allege future injury to acquire standing to seek injunctive relief. Defendants rely primarily on *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and *Fair Employment Council v. BMC Marketing Corp.,* 28 F.3d 1268 (D.C.Cir.1994), as the basis for this argument.

In *O'Shea,* the plaintiffs brought a civil rights class action suit against a magistrate and circuit court judge, alleging various illegal practices in the administration of the Alexander County criminal justice system. 414 U.S. at 490, 94 S.Ct. at 673. The plaintiffs did not seek damages, but only requested injunctive relief. *Id.* at 492, 94 S.Ct. at 674. Defendants Motel 6 state that, in *O'Shea:*

> Plaintiffs' counsel stated at trial that some of the class members had in fact suffered from the petitioner's discriminatory conduct in the past. Despite this, the Supreme Court refused, to approve the plaintiffs' request for an injunction because "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effect."

Defendant's Response at 5 (quoting *O'Shea,* 414 U.S. at 495–96, 94 S.Ct. at 675–76). However, as this Court notes, Defendants' statement is misleading.

The *O'Shea* Court, in deciding against plaintiffs' request for injunctive relief, noted that the plaintiffs failed to allege "any specific instances involving the individually named respondents set forth in the claim against these judicial officers." 414 U.S. at 492, 94 S.Ct. at 674. Rather, the plaintiffs had alleged "injury in only the most general terms." *Id.* at 495, 94 S.Ct. at 676. The Court further noted that it was not until oral argument that the plaintiffs' counsel "stated that some of the named plaintiffs-respondents ... had actually been defendants in proceedings before petitioners and had suffered from the alleged unconstitutional practices." *Id.* It was in this context that the *O'Shea* Court stated that allegations of past conduct alone do not establish a present case

or controversy. *Id.* at 495–96, 94 S.Ct. at 676.

The Court, in *O'Shea,* did not deny the plaintiffs' request for injunctive relief despite the plaintiffs' assertion that "some of the class members had in fact suffered from the petitioner's discriminatory conduct in the past." Defendant's Response at 5. Rather, the Court found that the plaintiffs' "proposition ... that if respondents proceed to violate an unchallenged law and if they are charged, held to answer, and tried in any proceedings before petitioners, they will be subjected to the discriminatory practices that petitioners are alleged to have followed," was too speculative. *O'Shea,* 414 U.S. at 496–97, 94 S.Ct. at 676–77.

Similarly, in *Lyons,* which relied on *O'Shea* in part, the Court reversed a preliminary injunction against the City of Los Angeles, which barred the use of chokeholds. 461 U.S. at 99–100, 103 S.Ct. at 1663–64. Lyons filed suit pursuant to 28 U.S.C. § 1983, alleging that a Los Angeles police officer had stopped him for a traffic violation, and without provocation applied a chokehold to the plaintiff. *Id.* at 97, 103 S.Ct. at 1662.

This Court notes that Defendants Motel 6, in arguing the application of *Lyons* to this case, incorrectly state that the "Court found that Lyons did not meet the requirements for standing and injunctive relief." Defendant's Response at 3. Although the *Lyons* Court held that Lyons was not entitled injunctive relief, it stated that "Lyons claim that he was illegally strangled remains to be litigated in [Lyons'] suit for damages, [and] in no sense does that claim 'evade' review." *Id.* at 109, 103 S.Ct. at 1669.

The Court ruled that the plaintiff's "standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers." *Id.* at 105, 103 S.Ct. at 1667. The Court found that the plaintiff's allegations of possible future harm were speculative because:

> [E]ven assuming that [the plaintiff] would again be stopped for a traffic or other violation in the reasonably near future, it is untenable to assert, and the complaint made no such allegation, the strangleholds

are applied by the Los Angeles police to every citizen who is stopped or arrested regardless of the conduct of the person stopped.

*Id.* at 108, 103 S.Ct. at 1668.

■ Plaintiffs' allegations, unlike the allegations in both *O'Shea* and *Lyons,* are not speculative. First, Plaintiffs have alleged that "Motel 6 has a nationwide policy of discrimination against African–Americans in affording accommodations throughout the United States." Complaint ¶ 15. Thus, Plaintiffs, have alleged facts that, if true, are sufficient to establish that African–Americans who attempt to seek accommodations at Motel 6 are subjected to discriminatory practices regardless of their own conduct. In both *O'Shea* and *Lyons,* the possibility of future injury was dependent upon certain actions by the plaintiffs. Second, unlike *O'Shea* and *Lyons,* Plaintiffs' right to seek injunctive relief is expressly established by statute. *See* 42 U.S.C. 2000a–3 *supra.*

In *BMC,* the Fair Employment Council had sent testers, on successive days, with comparable fake credentials into BMC Marketing Corporation, an employment agency, to obtain job referrals. *BMC,* 28 F.3d at 1270. As a result of these tests, the Council and two African–American testers filed suit against BMC pursuant to 42 U.S.C. § 1981, Title VII, and a local statute, alleging a practice of racial discrimination in employment. *Id.* In addition to declaratory relief and damages, the plaintiffs sought injunctive relief. *Id.* The court held that the Council could maintain a cause of action pursuant only to Title VII, and that the testers had failed to state a cause of action on either claim. *Id.* at 1281.

The Defendants correctly state that the court, in *BMC,* held, with regard to prospective relief, that the testers "had not made sufficient allegations that they [were] threatened with any future illegality." *Id.* at 1272. However, the court's analysis appears to rest on the plaintiffs' use of "fictitious credentials and their misrepresentations about their desire for jobs." *Id.* at 1273. First, the court notes that, because the plaintiffs used false information, BMC "has no duty to continue

to consider the testers for employment referrals." *Id.* Second, the plaintiffs' "adversarial relationship with BMC [ ], as well as their established record as deceivers, make it highly implausible that they would ever return as *bona fide* job seekers." *Id.* Therefore, because there are no facts which establish that Plaintiffs in this case used false information in their attempt to obtain a room, *BMC* is factually distinct. Additionally, no statute in *BMC,* as here, conferred a right on the plaintiffs to seek injunctive relief.

This Court notes, however, that Plaintiffs have attempted to establish a basis for rejecting the application of the law in *BMC* by means other than factual distinction. Plaintiffs incorrectly assert that the court, in *BMC,* "recognized that 'our conclusion ... arguably conflicts with decisions of the Third and *Eleventh* Circuits ...' " Plaintiffs' Memorandum at 14 (quoting *BMC,* 28 F.3d at 1271 (emphasis added by Plaintiffs)). The *BMC* court, however, states, in full, that "our conclusion *that the tester plaintiffs are not entitled to damages under Sec. 1981* arguably conflicts with decisions of the Third and Eleventh Circuits, but the analysis in those decisions is not directly on point." *BMC,* 28 F.3d at 1271 (emphasis added). The court then proceeded to discuss why the reasoning in such cases was unpersuasive. *Id.* This "conflict," therefore, is only with regard to seeking damages under 42 U.S.C. § 1981.

However, because Plaintiffs' allegations of a nationwide policy of discrimination against African–Americans by Motel 6 in affording accommodations are not speculative, and because the possibility of future injury is not dependent upon any actions by Plaintiffs, *O'Shea* and *Lyons* fail to establish Plaintiffs' lack of standing to seek injunctive relief. Further, because Plaintiffs did not seek accommodation at Motel 6 on the basis of false information, *BMC* is factually distinct. Finally, neither of the above cases involved a statute that conferred on plaintiffs an express right to seek injunctive relief.

Therefore, because Plaintiffs have alleged facts sufficient to exercise their statutory right to sue Defendants and to seek injunctive relief pursuant to the express provisions of 42 U.S.C. § 2000a, *et. seq.,* Plaintiffs have standing to seek injunctive relief in this cause of action. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint be **DENIED.** Further it is

**ORDERED** that Defendants' Motion for Consolidation be **GRANTED,** and all future pleading for case Nos. 96–115–CIV–FTM–17D and 96–72–CIV–FTM–17D shall be filed in the lower case number file.

**DONE and ORDERED.**