[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14045

_____

COY EVANS,
JEFFREY ADAMS,
BERNARD BROWN,
ALBERT DUDLEY,
MICHAEL GIELLO, et al.,

Plaintiffs-Appellants,

*versus*

OCWEN LOAN SERVICING, LLC,

Defendant-Appellee.

_____

2                    Opinion of the Court                    21-14045

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-81394-RLR

_____

Before BRANCH and GRANT, Circuit Judges, and SCHLESINGER,*
District Judge.

PER CURIAM:

This appeal arises under the Telephone Consumer
Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiffs allege that
Ocwen Loan Servicing, LLC, violated the TCPA by calling them
using an automatic telephone dialing system ("ATDS"), which is
prohibited under the TCPA. 47 U.S.C § 227(b)(1)(A). The district
court dismissed plaintiffs' claims for failure to state a claim,
concluding that Ocwen's dialing system was not an ATDS under
the TCPA. Plaintiffs then appealed the district court's dismissal to
this Court.

Upon review, we have discovered a significant jurisdictional
issue unaddressed by the district court—whether Article III
standing exists in this case. Article III of the Constitution
empowers federal courts to decide "Cases" or "Controversies." To
have standing to bring a claim under Article III, a plaintiff must

_____

* Honorable Harvey E. Schlesinger, United States District Judge for the
Middle District of Florida, sitting by designation.

have suffered a concrete injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

In this context, we have stated that "[t]he receipt of more than one unwanted telemarketing call . . . is a concrete injury that meets the minimum requirements of Article III standing." *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (quoting *Cordoba v. DIRECTV, LLC*, 946 F.3d 1259, 1270 (11th Cir. 2019)). These decisions make it clear that more than one call is a concrete injury that confers standing, but neither *Glasser* nor *Cordoba* address whether a single call is sufficient to confer standing. Thus, the resolution of the standing question could differ depending on how many calls each plaintiff is alleged to have received.

Plaintiffs' operative complaint alleges that each plaintiff received a varying amount of calls from Ocwen. For eight of the sixteen plaintiffs, the exact number of calls received is explicitly stated in the complaint, ranging from 27 calls to 877 calls. However, for the other eight plaintiffs, the complaint states that the "[e]xact number of calls is not confirmed at this point." This language is ambiguous. For any of these plaintiffs, the "exact number of calls" they received could be zero, one, or more than one. Each of these scenarios would potentially present a different resolution to the standing issue.

Because we cannot ascertain from the allegations in the operative complaint how many calls each of those eight plaintiffs received, and because additional briefing would not resolve this

4                     Opinion of the Court                 21-14045

issue, we vacate the dismissal and remand this case to the district court for a ruling on the issue of Article III standing in the first instance. Remand is appropriate where, as here, the record before us is incomplete and the question of standing was not litigated before the district court. *See Steele v. Nat'l Firearms Act Branch*, 755 F.2d 1410, 1415 (11th Cir. 1985). Once the standing issue is resolved, the district court may then reissue its decision (or rule otherwise as it seems fit), and an appeal may again follow.

**VACATED and REMANDED.**