Eugene STEELE, Plaintiff-Appellant,

v.

NATIONAL FIREARMS ACT BRANCH, et al., Defendants-Appellees.

No. 83–5572.

United States Court of Appeals, Eleventh Circuit.

March 22, 1985.

Richard E. Gardiner, Washington, D.C., for plaintiff-appellant.

Pamela A. Hornett, Linda Collins-Hertz, Susan M. Chalker, Asst. U.S. Attys., Miami, Fla., for defendants-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and HANCOCK *, District Judge.

KRAVITCH, Circuit Judge:

The Secretary of the Treasury has promulgated regulations that set forth requirements that must be complied with to obtain Treasury Department approval of transfers of particular firearms. 27 C.F.R. § 179.84–93. Appellant challenges a portion of one of the regulations, 27 C.F.R. § 179.85, and further contends that the individual defendants in this litigation arbitrarily have refused to sign a certificate

* Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

that is part of the approval process. The district court held that the regulation was not invalid, and that the decision to sign the certificate was a discretionary matter that could not be compelled. On appeal, the appellees argue for the first time that the appellant lacks standing to litigate this case. Because the record is devoid of the factual development necessary to resolve this question, we remand the case to the district court.

In an effort to regulate the traffic of weapons deemed particularly inimical to public safety, Congress has passed several laws over the past fifty years, which are now codified at 26 U.S.C. §§ 5801 *et seq.* This system of regulation requires, among other things, the Secretary of the Treasury to maintain a central registry of firearm ownership. 26 U.S.C. § 5841(a). To facilitate the record keeping, a transferor of any of the listed firearms must apply for approval from the Treasury Department (the Department) prior to the transfer. 26 U.S.C. §§ 5812, 5841(c). 26 U.S.C. § 5812 empowers the Secretary to prescribe the manner in which the transferor and the weapon must be identified in applications for approval. Pursuant to this authority, the Department has promulgated regulations that impose upon the transferor the duty to submit information about himself and the weapon in a properly executed Form 4. 27 C.F.R. § 179.84. The statute further requires that the transferee's photograph and fingerprints be part of the application, and authorizes the Secretary to specify other information about the transferee that must be part of the application. 26 U.S.C. § 5841(a)(3). Finally, the statute prohibits any transaction if "the transfer,

receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812(a). To enforce Congress's dictates on these matters, the Department has specified that the transferee execute a Form 4539, consisting of his or her photograph and fingerprints. 27 C.F.R. § 179.85. The Form 4539 must be supported by a "certificate of the local chief of police, sheriff of the county, U.S. attorney, U.S. marshal or other person whose certificate may in a particular case be acceptable to the Director." *Id.* The individual who certifies the form must attest that he or she is satisfied that the fingerprints and photograph are those of the transferee, and that he or she has no information that "receipt or possession of the firearm would place the transferee in violation of State or local law or that the transferee will use the firearm for other than lawful purposes." *Id.*[1]

The appellant, Eugene Steele, is licensed to sell firearms, the transfer of which is controlled by this regulatory scheme. According to exhibits attached to appellant's complaint, the following matter ensued. On December 30, 1981, Steele wrote to the Bureau of Alcohol, Tobacco, and Firearms (BATF), the agency charged with firearms-law enforcement. Steele requested the authority to delete the last sentence of the Form 4539, which requires the certifying individual to attest to the following: "I have no information indicating that the transferee will use the firearm or device described on this application for other than lawful purposes." Deron Debbs, Acting Chief of the National Firearms Act Branch (NFAB), advised Steele that he could delete

---

**1.** The full text of the regulation reads as follows:
If the transferee is an individual, he shall attach to each copy of the application, Form 4 (Firearms), a properly executed Form 4539, Identification of Transferee or Maker of Firearm, containing an individual photograph of himself, taken within one year prior to the date of such application, and shall affix his fingerprints to the form. The fingerprints must be clear for accurate classification and should be taken by someone properly equipped to take them. *The Form 4539 must be supported by a certificate of the local chief*

*of police, sheriff of the county, U.S. attorney, U.S. marshal or such other person whose certificate may in a particular case be acceptable to the Director, certifying that he is satisfied that the fingerprints and photograph appearing on the Form 4539 are those of the transferee and that he has no information indicating that the receipt or possession of the firearm would place the transferee in violation of State or local law or that the transferee will use the firearm for other than lawful purposes.*
27 C.F.R. § 179.85. Appellant challenges the emphasized portion of this regulation.

that portion of the form, because the agency intended to remove it when the form was next revised. Steele then informed the agency that he intended to file suit because the local United States Marshal, Carlos Cruz, refused to sign the certificate. Gary Schaible, the new acting chief of the NFAB, informed Steele that there were other individuals whose signatures would be acceptable on the certificate.

While Steele corresponded with the NFAB, United States Attorney Atlee Wampler and State's Attorney Janet Reno informed Steele that he would have to look elsewhere to obtain a signature for the certificate. Wampler wrote that it was inconsistent with his office's duties for him to sign the certificate, and that his office lacks the resources necessary to conduct a proper investigation of transferees. Reno simply referred Steele to the Metro Dade Police Department. During this same period, Sidney Shapiro, North Miami Beach City Attorney, advised Steele that he would not order the North Miami Beach Chief of Police to sign the certificate. Steele contacted the NFAB again, requesting that he, an attorney, be permitted to sign the certificate. Schaible responded that the NFAB would probably not accept a certificate with his attestation, but that there may be other state and local officials whose signatures would be acceptable. In June, 1982, Dorothy Lee, the new acting bureau chief, informed Steele that the NFAB had reversed its previous position, and would not permit him to delete the last sentence from the form.

Steele brought this lawsuit in September, 1982, naming as defendants the NFAB, Reno, local United States Attorney Stanley Marcus, and Cruz. Steele asked the court to declare that the refusal of the individual defendants to sign the form was arbitrary and capricious. The complaint further alleged that the last sentence of 27 C.F.R. § 179.85 was an improper exercise of the rulemaking authority contemplated by Congress, and that it was unconstitutional.[2] The agency, Marcus, and Cruz collectively moved to dismiss the complaint. The court granted the motion, upholding the regulation against all challenges and refusing to order Cruz and Marcus to sign the certificate. After the parties agreed to stipulate to the dismissal of defendant Reno, the court entered a final order. This appeal ensued.

The appellees now urge that we affirm the district court's dismissal of the complaint because there is no justiciable controversy between the parties. Although this argument was not presented in the court below, appellees' contentions affect our jurisdiction to hear this case, and must be considered before any attempt to reach the merits of appellant's arguments. *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 68, 98 S.Ct. 2620, 2627, 57 L.Ed.2d 595 (1978); *In re Yarn Processing Patent Validity Litigation*, 680 F.2d 1338, 1339 (11th Cir.1982); *In re Weaver*, 632 F.2d 461, 462–63 n. 6 (5th Cir.1980).

■ Article III of the Constitution confines the federal courts to adjudicating cases and controversies. As the Supreme Court has explained on several occasions, the doctrines that have developed to elucidate the meaning of this requirement are based upon a concern about the proper exercise of judicial power in a democratic society. *Allen v. Wright*, — U.S. —, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471–76, 102 S.Ct. 752, 757–61, 70 L.Ed.2d 700 (1982); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). To invoke the power of the federal courts, then, a litigant must have "standing." The Article III component to standing requires that a

---

**2.** The last sentence of the regulation encompasses more than the portion of the form appellant sought to delete in his correspondence with the BATF. The last sentence of the regulation describes the entire certification procedure, whereas the last sentence of the form requires the signer to attest that he or she has no information that the transferee will use the weapon for unlawful purposes.

plaintiff allege he has suffered actual or threatened injury at the hands of the defendant, *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979), fairly traceable to the allegedly unlawful conduct, *Duke Power,* 438 U.S. at 72, 98 S.Ct. at 2630, and likely to be redressed by the requested relief, *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976). These requirements tend to assure that questions presented to a court will be resolved "in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge,* 454 U.S. at 472, 102 S.Ct. at 758.

 Factual issues concerning the existence of the standing requirements in a particular case are to be resolved in the same manner as any other controverted fact. *Munoz-Mendoza v. Pierce,* 711 F.2d 421, 425 (1st Cir.1983). It is the plaintiff's burden to plead and prove injury in fact, causation, and redressability. *See* C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3522 at 63–65 (1984). The Supreme Court has required that these components be pleaded with a fair degree of specificity. *Allen,* 104 S.Ct. at 3328; *Simon,* 426 U.S. at 41–45, 96 S.Ct. at 1925–1928; *Warth,* 422 U.S. at 504–07, 516–17, 95 S.Ct. at 2208–09, 2214–15. If a defendant moves to dismiss a complaint for lack of standing, a court must accept as true all of the plaintiff's material allegations. *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206. A court may treat a motion to dismiss as one for summary judgment, thereby requiring that a plaintiff provide affidavits supporting factual allegations made in the complaint. *Simon,* 426 U.S. at 53–54, 96 S.Ct. at 1931–1932 (Brennan, J., concurring); *Warth,* 422 U.S. at 501–02, 95 S.Ct. at 2206–07. Disputed factual issues may be resolved at a pretrial evidentiary hearing or during the course of trial. *Duke Power,* 438 U.S. at 67–68, 98 S.Ct. at 2627–2628.

With these considerations in mind, we turn to the instant case. The district court did not hold a hearing, allow discovery efforts to go forward, or receive any evidence before ruling on the motion to dismiss. The entire record in this case consists of the parties' pleadings, the exhibits attached thereto, and the district court's opinion dismissing the complaint. In his complaint, appellant alleged that he could not sell his inventory because the NFAB would not approve a transfer without a properly executed Form 4539. Defendants Reno, Cruz, and Marcus were qualified to sign the form but refused to do so. Appellant alleged further that he could not obtain the signature of any other qualified signer. The exhibits attached to the pleading corroborated that Reno and Cruz would not sign the form.

 Appellant's complaint clearly alleged an injury in fact: Steele's inability to sell the firearms that were part of his inventory. It is beyond dispute that the deprivation of a part of one's livelihood is sufficient to satisfy the injury in fact requirement. *Craig v. Boren,* 429 U.S. 190, 192–94, 97 S.Ct. 451, 454–55, 50 L.Ed.2d 397 (1976). Both forms of relief requested, however, present problems of standing that must be resolved before we can decide the merits of this litigation. Our first concern relates to the causation prong of the standing inquiry. The allegedly illegal conduct challenged by appellant is the NFAB's refusal to approve firearms transfers without a properly supported Form 4539. The line of causation from that conduct to plaintiff's injury is not established from the allegations of the complaint or other materials in the record. The challenged regulation indicates that local law enforcement officials are eligible to sign the form, and the exhibits attached to the complaint indicate that appellant was directed to such officials. Appellant's inability to sell his inventory would be fairly traceable to the purportedly unlawful conduct only if all of the eligible signers listed in the regulation would not sign the form. There is no allegation in the complaint, and the attached exhibits do not sufficiently indicate, that local law enforcement officials other than

Reno refused to sign the form. Without such an allegation, supported by credible evidence, this court cannot be sure whether the injury was caused by the defendant's actions or by appellant's failure to pursue all possible avenues listed in the regulation to obtain the required signatures.[3]

We also are unable to ascertain from the record whether the relief requested is likely to redress the alleged injury. 26 U.S.C. § 5812(a) forbids the Department to approve a transfer that would place the transferee in violation of the law. The challenged regulation is merely a method of effectuating congressional dictates. Even if we invalidated the regulation, the record does not provide us with an adequate basis to conclude that appellant would be able to sell his inventory. Appellant did not allege that he had a buyer who met the *statutory* qualifications for eligibility. If the sale of appellant's weapons would place the transferee in violation of the law, only the striking down of the statute itself, a remedy not requested in this complaint, could relieve appellant's injury. This missing allegation also affects our ability to grant appellant's other requested relief. Without any indication that appellant had eligible transferees, we cannot say whether the individual defendants' refusal to sign the certificates is arbitrary. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973).

In conclusion, the record as it now stands fails to show a justiciable controversy. Its inadequacy is due, in part, to the appellees' failure to raise the standing argument in the court below. Given the opportunity to present evidence relating to this issue, appellant may be able to establish that he has standing to raise the questions in his complaint. We therefore remand the case to allow appellant to establish the factual background necessary to permit the district court to resolve the standing question. VACATED and REMANDED.

---

**3.** The agency, of course, cannot defeat appellant's standing by unreasonably expanding the list of qualified individuals under the portion of the regulation that allows "other such persons whose certificate may in a particular case be acceptable ..." to sign the form. 27 C.F.R. § 179.85.