# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

MALCOLM J. BEZET,

　　　　Plaintiff−Appellant,

versus

UNITED STATES OF AMERICA,

　　　　Defendant−Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:16-CV-2545

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

　　　Malcolm Bezet appeals the dismissal of his claims that certain provisions

of the Gun Control Act of 1968 ("GCA") and National Firearms Act ("NFA") are

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

No. 17-30303

unconstitutional under the Second Amendment, the Tenth Amendment, and the Necessary and Proper Clause. The district court concluded that Bezet lacks standing to challenge 26 U.S.C. §§ 5811 and 5812 and has failed to state a claim upon which relief can be granted as to 18 U.S.C. § 922(*l*), (o), and (r) and 26 U.S.C. §§ 5821 and 5822. Finding no error, we affirm.

## I.

Bezet wants to convert a semiautomatic pistol he lawfully owns into a fully automatic, silenced rifle. He avers that he is prevented from doing so by certain provisions of the GCA and NFA. He seeks a permanent injunction.

Specifically, Bezet asserts that the following provisions of the GCA are unconstitutional: Section 922(*l*), which bans the importation of firearms regulated under the GCA; § 922(r), which forbids assembling weapons from such imported parts; and § 922(o), which prohibits transferring or possessing any machinegun manufactured after the GCA's enactment. Bezet alleges that the following provisions of the NFA are unconstitutional: Section § 5811, which taxes the transfer of firearms; § 5812, which establishes registration and application requirements for transferring firearms; § 5821, which taxes the making of firearms; and § 5822,[1] which establishes registration and application requirements for making firearms.

Bezet maintains that, to convert his pistol, he would need to register the completed rifle with the Bureau of Alcohol, Tobacco, Firearms and Explosives, pay a $200 tax on the parts, and use only American-made rather than imported

---

[1] We are mindful that Bezet is proceeding *pro se* and that we should liberally construe his arguments. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015). As the district court noted, although Bezet did not directly assert a cause of action challenging § 5822, we assume he intended to bring such a claim insofar as he requested relief as to § 5822 in the "prayer for relief" section of his complaint.

No. 17-30303

parts. Even then, Bezet notes that he would be prohibited by the GCA from converting the pistol into a fully automatic rifle. *See* § 922(o).

The government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). The district court granted the motion and dismissed Bezet's claims as to §§ 5811 and 5812 under Rule 12(b)(1) for lack of standing and his claims as to § 922(*l*), (o), and (r) and §§ 5821 and 5822 under Rule 12(b)(6) for failing to state a claim upon which relief could be granted.

## II.

We review *de novo* the dismissal of a complaint under Rule 12(b)(1) and (6), applying the same standards used by the district court. *See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017); *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010). We address whether Bezet has standing to challenge §§ 5811 and 5812. Then we examine whether he has stated a claim upon which relief can be granted as to § 922(*l*), (o), and (r) and §§ 5821 and 5822.

## A.

Rule 12(b)(1) allows a party to challenge the district court's subject-matter jurisdiction. *Spotts*, 613 F.3d at 565. Federal courts have jurisdiction only over "cases" or "controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). One element of the case-or-controversy requirement is that Bezet must have standing, which "focuses on whether the plaintiff is the proper party to bring this suit." *Id.* Bezet must show that (1) he suffered an injury in fact, which is "a concrete and particularized invasion of a legally protected interest;" (2) his "injury is traceable to the challenged action of the Government;" and (3) "it is likely, rather than merely speculative, [that] the injury will be redressed by a favorable decision." *Hollis v. Lynch*, 827 F.3d 436, 441 (5th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

No. 17-30303

"At the pleading stage," we "liberally" construe allegations of injury, *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009), but the plaintiff bears the "burden of proof that jurisdiction does in fact exist," *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Bezet has failed to demonstrate that he has standing to challenge §§ 5811 and 5812. As the district court correctly noted, both deal exclusively with the transfer of firearms: Section 5811 levies a tax on the transferor of a firearm, and § 5812 imposes registration require-ments on the transferor of a firearm. Bezet has not alleged that he wishes to transfer a firearm. Accordingly, he is not directly subject to those provisions and suffers no immediate injury.

Furthermore, any indirect injuries that Bezet may incur are insufficient to establish standing. Regarding the first prong of injury-in-fact, he claims that any taxes levied on the transferor will eventually be passed on to the transferee, and he observes that § 5812 requires that a transferee be photo-graphed and fingerprinted. But such allegations do not establish the "concrete and particularized" injury of "a legally protected interest" that standing requires. *Defs. of Wildlife*, 504 U.S. at 560. Rather, they are merely "additional costs and logistical hurdles" that all citizens bear as ancillary to living under a government. *Lane v. Holder*, 703 F.3d 668, 673 (4th Cir. 2012).

Moreover, Bezet fails on the causality prong of standing. A plaintiff wishing to challenge certification laws must generally exhaust his certification options before suing in federal court. *Westfall v. Miller*, 77 F.3d 868, 872 (5th Cir. 1996). Otherwise, his "inaction" caused his own injury. *Id.* Bezet chal-lenges the registration requirements of § 5812 yet has made no attempt to com-ply with them. Accordingly, "his inaction has caused any injury he has suf-fered." *Id.* And regarding § 8211, Bezet has not explained why the $200 tax paid by the transferor of a firearm would necessarily be passed on to him. *See*

4

No. 17-30303

*San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) (noting multiple factors that affect the price of firearm sales).  Accordingly, the district court was correct in holding that Bezet lacks standing to challenge §§ 5811 and 5812.

## B.

We turn to whether Bezet has stated a claim as to § 922(*l*), (o), and (r) and §§ 5821 and 5822.  "To survive a Rule 12(b)(6) motion to dismiss," the complaint "must provide the plaintiff's grounds for entitlement to relief."  *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015).  We accept all well-pleaded factual allegations as true and review the constitutionality of a statute *de novo*.  *See Hollis v. Lynch*, 827 F.3d 436, 442 (5th Cir. 2016).

## 1.

Bezet claims that the NFA and GCA violate the Second Amendment.  We use a two-step inquiry.  *Id.* at 447.  First, we "determine whether the challenged law impinges upon a right protected by the Second Amendment."  *Id.* (quoting *Nat'l Rifle Ass'n of Am. Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 194 (5th Cir. 2012) ("*NRA*")).  The Second Amendment protects the ownership only of weapons that are "in common use at the time."  *Id.* at 446 (quoting *Heller*, 554 U.S. at 627).  Moreover, "longstanding, presumptively regulatory measure[s]" likely implicate no Second Amendment rights.  *Id.*  If no Second Amendment right is implicated, then the inquiry ends.  *Id.* at 447.

If a Second Amendment right is implicated, "we proceed to the second step[, which] is to determine whether to apply intermediate or strict scrutiny to the law, and then to determine whether the law survives the proper level of scrutiny."  *Id.* (internal quotations omitted).  To identify which level of scrutiny

5

applies, we look at whether the law burdens "the core of the Second Amend-ment guarantee"—that is, the right to use firearms in defense of the home. *NRA*, 700 F.3d at 205. And we examine "the degree to which the challenged law burdens the right." *Id.* at 194. If a core right is burdened, strict scrutiny applies; less severe regulations on more peripheral rights trigger intermediate scrutiny. *Id.*

### a.

Bezet has failed to show that § 922(o) violates the Second Amendment. Indeed, we upheld that very provision in *Hollis*, 827 F.3d at 451, as regulating only firearms that fall outside the scope of the Second Amendment—i.e., machineguns. Because Bezet provides no reason to distinguish his case from *Hollis*, he cannot show that § 922(o) violates the Second Amendment.

### b.

For similar reasons, Bezet has failed to show that § 922(*l*) and (r) violate the Second Amendment. The former prohibits the importation of firearms and firearm parts; the latter makes it illegal to assemble certain semiautomatic rifles or shotguns from such imported parts. As noted above, the Second Amendment confers no right to possess a machinegun. *Hollis*, 827 F.3d at 451. Thus, to the extent Bezet claims that § 922(*l*) and (r) are unconstitutional be-cause they prohibit importing a machinegun or assembling a machinegun from imported parts, his challenge must fail.

The district court went further, noting that Bezet also claimed a desire to obtain weapons that are part of the ordinary military equipment. We need not discern how broadly that claim reaches or whether it sweeps in firearms that are protected by the Second Amendment. That is because those provisions satisfy the second prong of our inquiry, under which we determine whether to

apply strict or intermediate scrutiny. *Id.* at 447. Because those subsections regulate only the importation of firearms, they do not substantially burden the core Second Amendment guarantee of acquiring firearms to protect one's hearth and home. *See NRA*, 700 F.3d at 205. Thus, they trigger only intermediate scrutiny—and, as the district court recognized, there is a "reasonable fit" between these regulations and "important" government objectives, such as cutting off weapons to criminals. *Id.* at 195.

c.

Our analysis for §§ 5821 and 5822 is much the same. Section 5821 taxes the making of weapons such as machineguns and silencers, and § 5822 establishes registration and application requirements for making them. Again, we need not decide whether, under a liberal construction of Bezet's complaint, the statutes burden his Second Amendment rights. Maybe he only seeks to make a machinegun—in which case his challenge is squarely foreclosed by *Hollis,* 827 F.3d at 451. Or he may wish to make firearms that receive Second Amendment protection and has rights that are burdened by the challenged provisions. But even under this latter supposition, these laws survive the second step of our Second Amendment analysis. As above, they do not substantially burden a core Second Amendment right, so they trigger intermediate scrutiny. *See NRA*, 700 F.3d at 205. And, as the district court correctly explained, there is a reasonable fit between these relatively light burdens and the important government objective of curbing gun violence. Accordingly, Bezet has failed to show that any of the above provisions violate the Second Amendment.

2.

Bezet claims that the same provisions violate the Necessary and Proper Clause. When "determining whether the Necessary and Proper Clause grants Congress the legislative authority to enact a particular federal statute, we look

No. 17-30303

to see whether the statute constitutes a means that is rationally related to the implementation of a constitutionally enumerated power." *United States v. Thompson*, 811 F.3d 717, 724 (5th Cir.), *cert. denied*, 136 S. Ct. 2398 (2016).

a.

The district court properly concluded that § 922(*l*), (o), and (r) are rationally related to implementing Congress's power under the Commerce Clause. To refute that finding, Bezet relies on *United States v. Lopez*, 514 U.S. 549, 558−59 (1995), which held that Congress could regulate only three types of activity under the Commerce Clause: (1) the "channels of interstate commerce"; (2) the "instrumentalities of interstate commerce"; and (3) activities with "substantial relation to interstate commerce." The district court was correct, however, in concluding that each challenged provision falls within a *Lopez* category.

First, § 922(o) is a permissible exercise of the commerce power. *United States v. Knutson*, 113 F.3d 27, 28 (5th Cir. 1997). The vast majority of machinegun possessions involve the channels or instrumentalities of interstate commerce, and the remainder have a substantial effect on interstate commerce. *Id.* at 29–30. Insofar as Bezet fails to distinguish *Knutson*, his challenge to § 922(o) as exceeding the scope of the Commerce Clause fails.[2]

Second, § 922(*l*) and (r) are plainly related to Congress's power to "regulate commerce with foreign nations." U.S. CONST. art. I, § 8, cl. 3. These statutes ban the importation of firearms and ammunition unless authorized by the Attorney General and prohibit assembling certain firearms from such

---

[2] Although Bezet repeatedly attacks the reasoning and holding of *Knutson*, we are bound to follow this circuit's precedents. Moreover, every circuit to reach this issue has also held that § 922(o) is a valid exercise of the commerce power. *See United States v. Henry*, 688 F.3d 637, 641 & n.4 (9th Cir. 2012) (collecting cases).

No. 17-30303

imported parts. Such laws directly regulate foreign commerce and activities with a substantial relation to foreign commerce. Thus, each challenged provision of the GCA falls within the commerce power.

b.

The district court was also correct in finding that §§ 5821 and 5822 are rationally related to Congress's taxing powers. *See* U.S. CONST. art. I, § 8, cl. 1. Indeed, the Supreme Court upheld similar provisions of the NFA under the taxing power in *Sonzinsky v. United States*, 300 U.S. 506, 514 (1937). And we have repeatedly upheld other sections of the NFA as valid exercises of the taxing power. *See United States v. Gresham*, 118 F.3d 258, 262 (5th Cir. 1997); *United States v. Adroin*, 19 F.3d 177, 180 (5th Cir. 1994). Though Bezet claims that the NFA's taxes and regulations are merely a pretext for a general police power, his theories are unavailing. A registration requirement—such as § 5822—is "part of the web of regulation aiding enforcement of the . . . tax provision." *Gresham*, 118 F.3d at 263. Because Bezet offers no other way to distinguish the provisions upheld in *Sonzinsky*, *Gresham*, and *Adroin*,[3] his challenge to §§ 5821 and 5822 fails.

3.

For the same reasons as discussed above, Bezet's claims under the Tenth Amendment are unavailing. "When Congress properly exercises its authority under an enumerated constitutional power, the Tenth Amendment is not implicated." *United States v. DeCay*, 620 F.3d 534, 542 (5th Cir. 2010). As

---

[3] For the first time in his reply brief, Bezet attempts to distinguish *Sonzinsky*. Even if his arguments were not waived, they cannot succeed. The fact that the defendant in *Sonzinsky* was a firearms dealer does nothing to distinguish the case. And the fact that § 5822 imposes some regulations in addition to the taxes levied by § 5821 cannot help Bezet, given that we have repeatedly upheld similar regulatory provisions as ancillary to the taxing power. *See Gresham*, 118 F.3d at 262.

No. 17-30303

stated above, each provision that Bezet has standing to challenge was validly enacted under the commerce power or the taxing power. Therefore, the district court was correct to reject Bezet's claims under the Tenth Amendment.

In summary, Bezet lacks standing to challenge 26 U.S.C. §§ 5811 and 5812 and has failed to state a claim upon which relief can be granted as to 18 U.S.C. § 922(*l*), (o), and (r) and 26 U.S.C. §§ 5821 and 5822. The judgment of dismissal is AFFIRMED.