**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3121-23
     A-3122-23

STATE OF NEW JERSEY,

  Plaintiff-Appellant,

v.

KYREED PINKETT and
DEJOHN PRESTON,

  Defendants-Respondents.

_____

STATE OF NEW JERSEY,

  Plaintiff-Appellant,

v.

JERRON D. PHILLIPS,

  Defendant-Respondent.

_____

Argued January 23, 2025 – Decided May 1, 2025

Before Judges Mayer, Rose and DeAlmeida.

On appeal from interlocutory orders of the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 22-10-2698 and 22-03-0534.

Frank J. Ducoat, Assistant Prosecutor, argued the cause for appellant (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Frank J. Ducoat, of counsel and on the brief).

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for respondent Kyreed Pinkett in A-3121-23 (Jennifer N. Sellitti, Public Defender, attorney; Scott M. Welfel and Lucas B. Slevin, on the briefs).

Ruth E. Hunter, Designated Counsel, argued the cause for respondent DeJohn Preston in A-3121-23 (Jennifer N. Sellitti, Public Defender, attorney; Ruth E. Hunter, on the briefs).

Lucas B. Slevin, Assistant Deputy Public Defender, argued the cause for respondent Jerron Phillips in A-3122-23 (Jennifer N. Sellitti, Public Defender, attorney; Lucas B. Slevin and Scott M. Welfel, on the briefs).

Christopher J. Ioannou, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Matthew J. Platkin, Attorney General, attorney; Christopher J. Ioannou, of counsel and on the brief).

PER CURIAM

On leave granted, in these consolidated matters, the State appeals from the

May 10, 2024 Law Division orders dismissing two counts of Essex County

Indictment No. 22-10-2698 against co-defendants Kyreed Pinkett and DeJohn Preston and one count of Essex County Indictment No. 22-03-0534 against defendant Jerron Phillips charging defendants with unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1).

The orders are based on two statutes that, when read together, prohibit eighteen- to twenty-year olds from possessing a handgun: N.J.S.A. 2C:39-5(b)(1) (criminalizing possessing a handgun without a permit) and N.J.S.A. 2C:58-4 (establishing handgun carry permit requirements and, by reference to N.J.S.A. 2C:58-3, prohibiting issuance of a handgun carry permit to those under twenty-one). The motion court held that these statutes violate the Second Amendment to the United States Constitution, as interpreted by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), because defendants, who were eighteen- to twenty-years old when they were arrested, had a Second Amendment right to possess a handgun which cannot be denied by the State based only on their ages. Thus, the court concluded, defendants cannot be prosecuted for the alleged offenses.

We conclude defendants lacked standing to raise their Second Amendment claims because they failed to apply for a handgun carry permit. We therefore

reverse the May 10, 2024 orders and remand for reinstatement of the dismissed counts of the indictments.

I.

When reviewing orders dismissing counts of an indictment we accept the facts as alleged by the State. See State v. Cobbs, 451 N.J. Super. 1, 5 (App. Div. 2017).

Phillips was eighteen years old on August 13, 2021, when Newark police arrested him after he fled from a command to stop. Officers found a fully loaded .9 mm handgun with a large-capacity magazine that he tossed while running from them. Phillips had not applied for, and therefore did not have, a handgun carry permit.

Pinkett was nineteen years old and Preston was twenty years old when, on January 13, 2022, they were in a motor vehicle that was stopped by police in West Orange. During the stop, officers found two .9 mm handguns inside the vehicle. Both handguns were affixed to large-capacity magazines of twelve and sixteen rounds, respectively. Pinkett and Preston had not applied for, and therefore did not have, a handgun carry permit.

On March 9, 2022, a grand jury charged Phillips with several offenses, including second-degree unlawful possession of a handgun without a permit,

N.J.S.A. 2C:39-5(b)(1) (count one). On October 20, 2022, another grand jury charged Pinkett and Preston with several offenses, including two counts of second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1) (counts one and five).[1]

On February 22, 2023, Phillips moved to dismiss count one of the indictment against him. He argued the age restriction set forth in N.J.S.A. 2C:58-4 and N.J.S.A. 2C:58-3, violated the Second Amendment and, as such, N.J.S.A. 2C:39-5(b)(1) is unconstitutional as applied to him. Phillips argued eighteen- to twenty-year olds are within "the people" protected by the Second Amendment and the nation's historical tradition of firearm regulation does not include prohibiting the public possession of handguns by people in that age group.

In April 2023, Pinkett moved to dismiss counts one and five of the indictment against him, raising the same arguments.

The State opposed the motions, arguing the challenged statutes do not violate the Second Amendment because eighteen- to twenty-year olds are not

---

[1] N.J.S.A. 2C:58-6.1(a) criminalizes possession of a handgun by anyone under twenty-one, except in circumstances not applicable here. Defendants were not charged with violating N.J.S.A. 2C:58-6.1(a). As a result, the validity of N.J.S.A. 2C:58-6.1(a), although discussed at length in the motion court's decision, is not at issue in this appeal.

within "the people" protected by the Second Amendment. The State further contended, if that category of persons are protected by the Second Amendment, the reasonable, well-defined age limit on the public carry of firearms in N.J.S.A. 2C:58-4 and N.J.S.A. 2C:58-3 is consistent with the nation's historical tradition of firearm regulation and, therefore, constitutional.

The court consolidated the motions and heard arguments. During that proceeding, Preston joined Pinkett's motion, requesting dismissal of counts one and five of the indictment against him based on the same arguments raised by the other defendants.

On May 8, 2024, the court issued its thirty-seven-page written decision granting defendants' motions. The court first held that defendants had standing to challenge the constitutionality of the statutes. In its analysis, the motion court considered our decision in State v. Wade, 476 N.J. Super. 490 (App. Div.), leave to appeal denied, 255 N.J. 492 (2023). In that case, two defendants challenged the constitutionality of unlawful possession of a handgun charges against them based on a different provision of the then-existing handgun carry permit statute – the "justifiable need" requirement. Id. at 495. We concluded those defendants lacked standing to assert their claims because they had not applied for and been denied a handgun permit. Id. at 511.

6

The motion court concluded <u>Wade</u> was not controlling here because it would have been futile for defendants to apply for a handgun carry permit, given the categorical prohibition on issuing such permits to applicants under twenty-one years old. The motion court also speculated that defendants' applications, had they been filed, might not even have been accepted by authorities responsible for processing such applications because of defendants' ages. There is, however, no evidence in the record supporting that speculation.

On the merits of defendants' claims, the motion court found that eighteen-to twenty-year olds are within "the people" whose rights are protected by the Second Amendment. In addition, the court concluded that a categorical prohibition on eighteen- to twenty-year olds possessing handguns is inconsistent with our nation's historical tradition of firearm regulation, rendering the statutes unconstitutional. The court, therefore, dismissed the challenged counts of the indictments as violative of defendants' Second Amendment rights.

The court entered a May 10, 2024 order dismissing count one of Indictment No. 22-03-0534 against Phillips and a May 10, 2024 order dismissing counts one and five of Indictment No. 22-10-2698 against Pinkett and Preston. Also on May 10, 2024, the motion court granted the State's motion to stay the

7

May 10, 2024 orders pending resolution of the State's motion for leave to appeal to this court.

On June 11, 2024, we granted the State's motion for leave to appeal and directed that the motion court's stay remain in place until further order of this court. We also granted the State's motion to consolidate the appeals. We subsequently granted the Attorney General's motion to appear as amicus curiae.

The State makes the following arguments.[2]

> THE TRIAL COURT'S ORDERS DISMISSING THE [UNLAWFUL POSSESSION OF A WEAPON] COUNTS AND HOLDING N.J.S.A. 2C:39-5[(b)(1)] AND N.J.S.A. 2C:58-6.1 UNCONSTITUTIONAL MUST BE REVERSED. DEFENDANTS LACKED STANDING TO BRING THEIR SECOND AMENDMENT CHALLENGES, THAT AMENDMENT WAS NEVER ENVISIONED TO ENCOMPASS [EIGHTEEN]- TO-[TWENTY]-YEAR []OLDS, AND A REASONABLE, WELL-DEFINED AGE LIMIT ON THE PUBLIC CARRY OF FIREARMS IS CONSISTENT WITH THE NATION'S HISTORICAL TRADITION OF FIREARM REGULATION.
>
> A.    . . . .
>
> B.    DEFENDANTS LACKED STANDING.
>
> C.    DEFENDANTS ARE NOT PART OF "THE PEOPLE" ENVISIONED BY THE SECOND AMENDMENT, AND A MINIMUM AGE LIMIT ON

---

[2] We abbreviate the State's point headings for conciseness.

THE PUBLIC CARRY OF HANDGUNS IS A REASONABLE, WELL-DEFINED OBJECTIVE CRITERION THAT IS CONSISTENT WITH THIS NATION'S HISTORICAL TRADITION OF FIREARM REGULATION.

    i. PERSONS UNDER [TWENTY-ONE] ARE NOT AMONG "THE PEOPLE" WHOM THE SECOND AMENDMENT PROTECTS.

    ii. PROHIBITING THOSE UNDER [TWENTY-ONE] FROM CARRYING A FIREARM IS CONSISTENT WITH THE NATION'S HISTORICAL TRADITION OF FIREARM REGULATION.

Defendants argue they had standing to challenge the constitutionality of the dismissed charges against them because it would have been futile to apply for handgun carry permits, given the categorial bar on issuing such permits to persons under age twenty-one. In addition, defendants argue that eighteen- to twenty-year olds are within "the people" protected by the Second Amendment and the State's ban on issuing handgun carry permits to people in that age group is outside the nation's historical tradition of firearm regulation and, therefore, unconstitutional.

Amicus Attorney General supports the State's arguments.

## II.

"We generally review a trial court's decision to dismiss an indictment under the deferential abuse of discretion standard." State v. Twiggs, 233 N.J.

513, 532 (2018).  "When the decision to dismiss relies on a purely legal question, however, we review that determination de novo."  Ibid.  See also State v. Cagno, 211 N.J. 488, 505-06 (2012) (noting appropriateness of plenary review of dismissal of indictment as untimely under N.J.S.A. 2C:1-6(b)(1)).  We therefore review the motion court's interpretation of the Second Amendment de novo. State v. Fair, 256 N.J. 213, 227-28 (2024).

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  The Second Amendment protects the right of individual persons to keep and bear arms apart from service in a militia.  Dist. of Columbia v. Heller, 554 U.S. 570, 582 (2008).  The Amendment "is fully applicable to the States" through the Fourteenth Amendment.  McDonald v. City of Chicago, 561 U.S. 742, 750 (2010).  In short, Heller and McDonald "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."  Bruen, 597 U.S. at 8-9.

Those precedents, however, do not preclude the State from regulating handgun possession.  "Properly interpreted, the Second Amendment allows a 'variety' of gun regulations."  Id. at 80 (Kavanaugh, J., concurring) (citing

10

Heller, 554 U.S. at 636). The validity of State regulations of handgun possession is determined under the two-step approach adopted in Bruen:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."
>
> [Id. at 24 (quoting Konigsberg v. State Bar of Cal., 366 U.S. 36, 50 n.10 (1961)).]

The public carry of handguns has long been "the most closely-regulated aspect of" New Jersey's firearms statutes. In re Preis, 118 N.J. 564, 568 (1990). As early as 1882, New Jersey has regulated the carrying of handguns, and since 1905, it has required private citizens to obtain a permit before carrying firearms in public. Wade, 476 N.J. Super. at 503.

According to N.J.S.A. 2C:39-5(b)(1), "[a]ny person who knowingly has in his possession any handgun . . . without first having obtained a permit to carry the same as provided in N.J.S.[A.] 2C:58-4, is guilty of a crime of the second degree."

11

To obtain a permit to carry a handgun, applicants must follow a two-step process. First, the applicant must apply to the relevant law enforcement official – the chief police officer in the municipality or, in some instances, the Superintendent of the State Police. N.J.S.A. 2C:58-4(c). At the time of defendants' arrests, the application required certain biological information and the endorsement of "three reputable persons who have known the applicant for at least three years preceding the date of the application, and who shall certify . . . that the applicant is a person of good moral character and behavior." See L. 2002, c. 131, §§ 2-3.

An applicant must also satisfy several criteria. See N.J.S.A. 2C:58-4; N.J.S.A. 2C:58-3(c); see also N.J.A.C. 13:54-2.1 to -2.10; In re M.U.'s Appl'n for a Handgun Purchase Permit, 475 N.J. Super. 148, 171-72, 178-80 (App. Div. 2023). To qualify

> [a]n applicant must "not [be] subject to any of the disabilities set forth in [N.J.S.A. 2C:58-3(c)]," which consider the applicant's age, mental and physical health, criminal history, and potential danger to public safety. N.J.S.A. 2C:58-4(c); see also N.J.S.A. 2C:58-3(c). The applicant must also demonstrate "familiar[ity] with the safe handling and use of handguns," evidenced by certified completion of a training course, submission of scores, or passage of a test. N.J.S.A. 2C:58-4(c); see also N.J.A.C. 13:54-2.4(b) and (c).

[Wade, 476 N.J. Super. at 504.]

The age requirement in N.J.S.A. 2C:58-3(c) provides that an applicant must be at least twenty-one years old to be granted a handgun carry permit. N.J.S.A. 2C:58-3(c)(4).

Additional requirements include the applicant demonstrating, among other things, that he or she: has no juvenile adjudications for certain weapons offenses; is not the subject of a domestic violence restraining order; has not violated certain types of court orders; has not been committed due to mental health issues; is not a fugitive or the subject of an open warrant; and has complied with liability insurance requirements. See N.J.S.A. 2C:58-3(c)(6), (7), (10-15); N.J.S.A. 2C:58-4(d)(4); N.J.S.A. 2C:58-4.3.[3]

After submission of the application, the chief or superintendent conducts the necessary background checks. N.J.S.A. 2C:58-4(c). At the time of

---

[3] Before Bruen, an applicant also had to establish a "justifiable need to carry a handgun" based on an "urgent necessity for self-protection." N.J.S.A. 2C:58-4(c) (repealed 2022). Bruen's holding that New York's subjective "good cause" requirement for issuance of a permit to possess a handgun was unconstitutional, rendered New Jersey's similar "justifiable need" provision invalid, but the balance of our permitting statutes survived. See Wade, 476 N.J. Super. at 509. N.J.S.A. 2C:58-3 and 58-4 were amended effective December 22, 2022, to conform the statutes with the holding in Bruen. L. 2022, c. 131, §§ 2-3. The 2022 amendments changed the permit qualifications in other ways not germane to this appeal.

defendants' offenses, if the chief or superintendent approved the application, the applicant had to present it to the Superior Court for review. N.J.S.A. 2C:58-4(d). If the court was considering denying the application, it was required to hold a hearing to allow the applicant "to proffer reasons why he satisfies the standard and respond to any questions from the judge." In re Carlstrom, 240 N.J. 563, 572 (2020).[4]

If the chief or superintendent instead denies the application, then the applicant may request a hearing in the Superior Court. N.J.S.A. 2C:58-4(e). A permit applicant dissatisfied with a decision of the Superior Court may appeal that decision "in accordance with law and the rules governing the courts of this State." Ibid.

We turn first to the threshold question of whether defendants have standing to challenge the statutory prohibition on issuing handgun carry permits to eighteen- to twenty-years olds. As we explained in Wade,

> [a] defendant may raise a defense that the crime charged in an indictment or accusation "is based on a statute or regulation . . . which is unconstitutional or invalid in whole or in part." R. 3:10-2(d). To make that challenge, however, the defendant must have standing to raise the constitutional objection. State v. Saunders,

---

[4] The 2022 amendments removed the requirement of judicial review for approved applications. Under the current statute, a decision by a chief or superintendent approving an application is final.

75 N.J. 200, 208-09 (1977). Accordingly, the defendant "must show sufficient injury before his [or her challenge] will be heard." State v. Varona, 242 N.J. Super. 474, 487 (App. Div. 1990). "Th[is] rule limits a criminal defendant to constitutional claims related to his [or her] own conduct [and] rests on the principle that legislative acts are presumptively valid and will not be overturned on the basis of hypothetical cases not actually before the court." Saunders, 75 N.J. at 208-09.

[476 N.J. Super. at 505.]

In Wade, two defendants, Wade and Stringer, challenged charges of unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1), on the ground that Bruen invalidated the justifiable need requirement in the handgun carry permit statute at the time of the alleged offenses. Id. at 495. However, neither defendant had applied for a handgun carry permit prior to the alleged offenses. Ibid. We held:

> Generally, to establish standing to challenge an allegedly unconstitutional permit statute, the challenger must have applied for a permit or license under the statute. See, e.g., United States v. Decastro, 682 F.3d 160, 164 (2d Cir. 2012); Westfall v. Miller, 77 F.3d 868, 872-73 (5th Cir. 1996); Kendrick v. Bruck, 586 F. Supp. 3d 300, 308 (D.N.J. 2022). Nevertheless, there is a recognized exception to the submission requirement if the challenger can "make a substantial showing that submitting to the government policy would [have been] futile." Bruck, 586 F. Supp. 3d at 308 (citing Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 206 (3d Cir. 2021)); see also Decastro,

682 F.3d at 164; Jackson-Bey v. Hanslmaier, 115 F.3d 1091, 1096 (2d Cir. 1997).

[Id. at 505-06.]

We concluded neither defendant established futility because they did not make a substantial showing they would have been granted a handgun carry permit but for the justifiable need requirement. Id. at 506-07. "Wade's counsel submitted a certification representing that Wade had no other disqualifying factors and that he would have qualified to receive a permit but for the justifiable need requirement[, and] Stringer and his counsel did not submit a certification concerning Stringer's qualifications for a permit." Id. at 506. Thus, we concluded, neither defendant "established the factual basis for challenging New Jersey's gun-permit statutes. Stringer had provided no factual basis whatsoever. The certification submitted by Wade's counsel [was] not based on counsel's personal knowledge; rather it [was] based on information received from his client and, therefore, [was] insufficient to establish facts in dispute." Id. at 506. We held that because the record did not establish "Wade [or Stringer] would have been able to comply with [all of the other statutory] requirements . . . the record [did] not reflect that it would have been futile for Wade [and Stringer] to have applied for a permit even in the absence of the justifiable need provision." Id. at 506-07.

We reach the same conclusion here. The record contains no evidence that any of the defendants would have satisfied the numerous statutory requirements other than the age requirement had they applied for a handgun carry permit. Although Phillips's counsel and Pinkett's counsel submitted certifications in support of their clients' dismissal motions, neither certification addressed the statutory requirements for a handgun carry permit. Preston's counsel did not submit a certification.

We are, therefore, unable to find that defendants' purported right to carry a handgun in public was abridged by the statutes' age requirement or that they have standing to challenge the constitutionality of the weapon possession charges they face. Our holding in Wade resonates here:

> The insufficient record supporting defendants' constitutional challenge illustrates why a motion to dismiss criminal charges is not the proper venue for demonstrating that defendants would have been granted a gun-carry permit but for the justifiable need requirement. If defendants had applied for gun-carry permits, there would be a complete record of why they were not granted the permits. In other words, we would not be left to speculate that defendants were denied the permits because of the justifiable needs requirement.
>
> [Id. at 507.]

The absence of a record establishing defendants would have been denied a handgun carry permit solely because of their ages underscores the reason for the

17

longstanding rule that "law-abiding citizens are not free to ignore a statute and presume that they would have been granted a permit but for one potentially invalid provision of a permit statute." Ibid. (citing Borough of Collingswood v. Ringgold, 66 N.J. 350, 331 (1975)).

It was, therefore, error for the motion court not to have applied the holding in Wade, a precedential opinion factually "indistinguishable" from the matters that were before the court, to deny defendants' motion. Macchi v. Conn. Gen. Ins. Co., 354 N.J. Super. 64, 71-72 (App. Div. 2002) (it was error for the trial court not to apply published opinion of this court in which the facts were "for all intents and purposes . . . indistinguishable" from those before the trial court.). Defendants make no convincing argument that we should depart from the well-reasoned holding in Wade and we decline to do so. Although we can address defendants' constitutional arguments despite the absence of standing, Wade, 476 N.J. Super. at 495 (citing Petro v. Platkin, 472 N.J. Super. 536, 564 (App. Div. 2022)), we elect not to do so.

We have considered defendants' remaining arguments, including their request to remand these matters to the Law Division for an evidentiary hearing with respect to whether they would have satisfied the then-existing statutory criteria for issuance of a handgun carry permit other than the age requirement,

and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Reversed and remanded for entry of an order reinstating the dismissed counts of the indictments.  The June 11, 2024 stay is dissolved effective thirty days from the date of this opinion.  In the event either party seeks relief in the Supreme Court within thirty days of the date of this opinion, the June 11, 2024 stay shall remain in place until further order of the Supreme Court.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3121-23